IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>          Plaintiff,<br><br>v.<br><br>SEELEYLAKE.COM; VINCE LOVATO, Editor; and JOHN DOES 1-10,<br><br>          Defendants. | CV-26-16-M-KLD<br><br>ORDER &<br>FINDINGS AND<br>RECOMMENDATION |

On January 20, 2026, Plaintiff Bobby Francis Lowry, who is proceeding pro se, filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a Complaint against the above-named Defendants. (Doc. 2). Lowry has also filed a Motion for Preliminary Injunction. (Doc. 4).

## I.     Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. Lowry has completed an Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. 1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II.    Screening Requirement

Because Lowry is proceeding in forma pauperis, the Court must review the Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court has an obligation to construe pro se pleadings liberally and to afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint

2

should be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. *See e.g. Chaset v. Fleer/Skybox Int'l.*, *LP,* 300 F.3d 1083, 1088 (9th Cir. 2002); *Klamath-Lake Pharma. Ass'n v. Klamath Medical Servs. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

## III.   Plaintiff's Allegations

Lowry brings this defamation action asserting diversity of citizenship as a basis for jurisdiction. (Doc. 2 at 1). Lowry identifies himself as a licensed electrician and business owner who had a prior business relationship with Defendants seeleylake.com and its editor, Vince Lovato. (Doc. 2 at 1). Lowry claims that in September 2022 and October 2022, Defendants published articles that falsely stated or implied he had stolen approximately $91,000 and engaged in criminal conduct in Helena, Montana. (Doc. 2 at 1). Lowry alleges the articles also falsely stated or implied that he had extensive criminal convictions in multiple states, when in fact he has no prior criminal convictions in any other state. (Doc. 2

3

at 1). Lowry claims he "was never found guilty of stealing any money from any person or entity in Helena, Montana," and "was ordered to pay zero dollars in restitution because the evidence demonstrated that nothing was stolen." (Doc. 2 at 1-2).

Lowry asserts that "[a]t the time of Defendants' second publication, Defendants possessed or had access to information establishing that the theft and criminal history allegations were false, incomplete, and misleading." (Doc. 2 at 2). Lowry alleges Defendants nevertheless "chose to public and continue publishing the false statements, thereby republishing the defamatory content" and causing him harm. (Doc. 2 at 2).

Lowry claims he notified Defendants of the falsity of the statements and demanded correction, but "[i]n written correspondence exchanged on or about September 9, 2025, Defendants failed to fully correct the record and issued an incomplete and misleading response." (Doc. 2 at 2). Lowry asserts that Defendants acted with "actual malice or, at a minimum, reckless disregard for the truth," and as a result of Defendants' conduct he "has suffered reputational harm, loss of business opportunities, emotional distress, and economic damages." (Doc. 2 at 2).

## IV.    Analysis

Under Montana law, "[d]efamation is effected by either libel or slander." *Lee v. Traxler*, 384 P.3d 82, 86 (Mont. 2016). "Slanderous words are spoken, whereas

4

libelous words are written." *Tindall v. Konitz Contracting Inc.*, 783 P.2d 1376, 1382 (Mont. 1989). Libel is defined by statute as a "false and unprivileged publication by writing… that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation." Mont. Code Ann. § 27–1–802.

The general rule in Montana is that a claim accrues and the statute of limitations "begins to run when all elements of the claim exist or have occurred." *Thieltges v. Royal Alliance Associates*, 334 P.3d 382, 385 (Mont. 2014) (citing Mont. Code Ann. § 27-2-102). "Lack of knowledge of the existence of the claim or the facts from which the claim arises does not delay the running the statute of limitations." *Thieltges*, 334 P.3d at 385. Under Montana's discovery doctrine, "[i]f the facts constituting the claim are, by nature, concealed or self-concealing, of if the defendant has acted to prevent discovery of the facts constituting the claim, the claim does not accrue until those facts are, or in the exercise of due diligence should have been, discovered." *Thieltges*, 334 P.3d at 385.

The statute of limitation for a defamation claim in Montana is two years. Mont. Code Ann. § 27-2-204(3). Lowry alleges that Defendants published defamatory articles about him in September 2022 and October 2022. Lowry's defamation claims accrued, and the statute of limitations began to run, when the articles were published. Lowry does not allege any factual basis whatsoever for

applying the discovery doctrine or equitably tolling the two-year statute of limitations. Because Lowry did not file this action until January 2026—more than three years after his defamation claims accrued—his Complaint is time-barred. Based on the factual scenario alleged, it does not appear that possible that the pleading deficiency identified above can be cured by amendment.

## V.    Conclusion

For the reasons discussed above, the Court enters the following:

### ORDER

IT IS ORDERED that Lowry's motion to proceed in forma pauperis (Doc. 1) is GRANTED and the filing fee is waived. The operative pleading is deemed filed on January 20, 2026

### RECOMMENDATION

IT IS RECOMMENDED that this action be DISMISSED, without leave to amend under 28 U.S.C. § 1915(e)(2). IT IS FURTHER RECOMMENDED that Lowry's motion for preliminary injunction (Doc. 4) be DENIED AS MOOT.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Lowry may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal

Lowry must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 28th day of July, 2026

Kathleen L. DeSoto
United States Magistrate Judge